Daniel J. Kaiser [DK-9387]
William H. Kaiser [WK-7106]
KAISER SAURBORN & MAIR, P.C.
30 Broad Street, 37th Fl.
New York, New York 10004
(212) 338-9100

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X
ADAM GROSS,

                Plaintiff,

  -against-                              **COMPLAINT**

HSBC,                                      Civil Action No.

                Defendant.
-------------------------------------------------------------X

      Plaintiff, Adam Gross, by his attorneys, Kaiser Saurborn & Mair, P.C., as and for his complaint against the defendant, alleges as follows:

**PARTIES AND VENUE**

    1.      Plaintiff, Adam Gross ("Gross"), was formerly employed by defendant in the position of Managing Director.

    2.      Defendant, HSBC ("HSBC" or "defendant"), is a banking institution headquartered in New York City.

    3.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims asserted herein arise under the Federal Arbitration Act.

    4.      Venue is properly laid in this District pursuant to 28 U.S.C. § 1391 because it is a District where plaintiff was employed by defendants and where the facts underlying his causes of action occurred.

1

## BACKGROUND FACTS

### I.

### MR. GROSS' EMPLOYMENT

5. On September 11, 2020, Mr. Gross' counsel delivered a letter to Jeanine L. McHugh, Esq. detailing Mr. Gross' legal claims asserting that Mr. Gross was retaliated against because he objected to unlawful conduct that constituted investor fraud and federal securities law violations.

6. The sending of counsel's letter resulted in settlement negotiations that ultimately resulted in a comprehensive resolution of the legal dispute.

7. The two principle terms of the settlement were: 1) a payment of settlement compensation to Mr. Gross; and 2) HSBC's agreement not to oppose an application by Mr. Gross of expungement of his U-5 that contained a false explanation for his termination from HSBC.

8. The false U-5 badly compromised Mr. Gross' professional career.

9. On February 12, 2021 Mr. Gross filed a Statement of Claim with FINRA seeking expungement of his U-5. [For a copy of filed Statement of Claim see Exhibit "A"]

10. In connection with that Statement of Claim, a FINRA hearing was held on August 27, 2021.

11. At the hearing, HSBC offered no defense to Mr. Gross' claims.

12. At the hearing, testified to the events that resulted in his termination including the misconduct HSBC accused him of and why those charges were entirely false.

13. In particular, Mr. Gross testified that HSBC accused him of communication with a particular prospective HSBC client utilizing unapproved applications. Mr. Gross

unambiguously testified that he at no time communicated with that particular person utilizing unapproved application sand further, and in any event, did not discuss HSBC business with that particular person on any occasion. [For a copy of a certified transcript created from a FINRA audio recording of the hearing See Exhibit "B"]

    14.    Mr. Gross' testimony that he violated no HSBC internal rules or policies was plain, straightforward, and uncontradicted.

    15.    On September 3, 2021, in an entirely unexplained decision, FINRA ruled against Mr. Gross and refused to expunge his U-5.

    16.    FINRA's decision was arbitrary and capricious and entirely divorced from any evidence presented at the hearing having no basis in fact or law.

    17.    FINRA's decision has badly damaged Mr. Gross' professional career by allowing a false and defamatory reason for termination to remain on Mr. Gross' U-5.

## CAUSE OF ACTION

    18.    Pursuant to Fed. R. Civ. P. 10(c), plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "17" as if repeated and incorporated herein.

    19.    The FINRA panel acted in utter bad faith and arbitrary and capriciously by failing to expunge Mr. Gross' U-5.

    20.    As a consequence of the above, the FINRA panel should be enjoined and required to expunge Plaintiff's U-5.

**WHEREFORE**, plaintiff hereby demands judgment against defendant as follows:

(i) An order enjoining the FINRA panel and ordering that Plaintiff's U-5 be expunged of the false statements contained within his U-5;

(ii) Attorney's fees; and

(iii) For such further relief as the Court deems just and proper.

Dated: New York, New York
October 21, 2021

                        **KAISER SAURBORN & MAIR, P.C.**
                        Attorneys for plaintiff

By: _____
       Daniel J. Kaiser [DK-9387]
       William H. Kaiser [WK-7106]
       30 Broad Street, 37th Fl.
       New York, New York 10004
       (212) 338-9100