UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
ADAM GROSS,

                        *Petitioner*,

       *-against-*

HSBC SECURITIES (USA) INC.,

                        *Respondent.*

------------------------------------------------------------x

1:21-cv-08636 (PAC)

**ORDER & OPINION**

Petitioner Adam Gross seeks to vacate an award rendered by a panel of Financial Industry Regulatory Authority ("FINRA") arbitrators. The Respondent, HSBC Securities (USA) Inc. ("HSBC")[1] does not oppose Gross's petition. Having found nothing in the record that would justify the FINRA panel's award, the Court **GRANTS** Gross's petition to vacate.

## BACKGROUND

Gross worked for HSBC as a Managing Director. He was terminated in September 2020. *See* ECF No. 14-2 (Arbitration Transcript) at 18–19. As a member of FINRA, HSBC must provide a Uniform Termination Notice for Securities Industry Registration Form ("Form U-5") when a registered representative, such as Gross, departs HSBC "for any reason." *Daly v. Citigroup Inc.*, 939 F.3d 415, 419 (2d Cir. 2019). The stated reason for departure on Gross's Form U-5 was that he had violated internal rules and practices and faced alleged regulatory violations. *See* Arbitration Transcript at 23. As his "Form U-5 is available in the FINRA database, which allows FINRA members to search for information about individual financial professionals," Gross alleges the termination language has made it difficult for him to

---

[1] Respondent notes it is incorrectly named in the petition caption; the correct name is HSBC Bank USA, N.A. *See* ECF No. 16 at 1 n.1.

1

seek other employment. *Daly*, 939 F.3d at 419; *see also* ECF No. 13 (petition to vacate award) at ¶ 14.

After Gross and HSBC reached a private settlement, Gross sought to expunge the termination language that HSBC had used on his Form U-5. *See* Arbitration Transcript at 19–21. But the parties agreed that HSBC could not expunge the Form U-5 unilaterally. Instead, Gross had to petition a FINRA arbitration panel to do so. *See Rosenberg v. MetLife, Inc.*, 866 N.E.2d 439, 446 n.3 (N.Y. 2007) (Pigott, J., dissenting) ("[A costly expungement action is often the only means by which an employee may challenge defamatory statements made on a Form U–5."). A panel of FINRA arbitrators held a 53-minute arbitration regarding Gross's petition.

At the arbitration, Gross testified that the Form U-5 did not reflect the true or accurate reasons for his termination because he had never violated any internal HSBC rules or practices. *See* Arbitration Transcript at 22–23, 30–31. Instead, Gross contended he had voluntarily separated from HSBC. *See id.* at 23. HSBC did not contradict this testimony; indeed, it had agreed not to contest Gross's request for expungement relief at all. *See* ECF No. 14-3 (Arbitration Award) at 2. Gross's testimony about the inaccuracy of the Form U-5 was therefore undisputed.

The arbitration panel asked HSBC whether it would be willing to reissue a new Form U-5, but HSBC responded that it believed it lacked the power to expunge the original language. *See* Arbitration Transcript at 33. The panel also expressed uncertainty about its own authority "to substitute a reason in place" of the reason that HSBC provided in the Form U-5. *Id.* at 34. But the panel did not express concern that it lacked the power, at bottom, to order expungement.

Ultimately, the FINRA panel denied Gross's petition without explanation, writing only that "Claimant's claims are denied in their entirety." Arbitration Award at 3.

2

## DISCUSSION

### I. Gross's Petition Supersedes His Original Complaint

Following the FINRA panel's decision, Gross filed a complaint in this Court. *See* ECF No. 1. Although Gross named HSBC as the Defendant, his complaint sought to enjoin the FINRA panel directly and require it to expunge his Form U-5. *See id.* at ¶ 20. However, FINRA regulations do not create "a free-standing 'expungement' cause of action" against an employer like HSBC. *Messinger v. JPMorgan Chase Bank, N.A.*, No. 13 Civ. 2444 (AJN), 2014 WL 904528, at *2 (S.D.N.Y. Mar. 7, 2014); *see also Lobaito v. Fin. Indus. Regul. Auth., Inc.*, No. 13 Civ. 6011 (GBD) (HBP), 2014 WL 4470423, at *2 (S.D.N.Y. Sept. 9, 2014) (dismissing suit against FINRA under same reasoning), *aff'd*, 599 F. App'x 400 (2d Cir. 2015). Conceding this point, Gross has now reformed his claim into a petition to vacate the FINRA arbitration award. *See* ECF No. 13.

Accordingly, the Court treats Gross's petition to vacate the arbitral award as superseding his original complaint. As it had in the underlying arbitration, HSBC denies it "retaliated, discriminated against or otherwise violated" Gross's rights, but it does not oppose Gross's petition in this Court. *See* ECF No. 16 at 2.

### II. Standard of Review of Arbitration Awards

FINRA's arbitral awards are subject to judicial review under the Federal Arbitration Act. *See Rotunno v. Laidlaw & Co. (UK) Ltd.*, No. 21 Civ. 7521 (RA), 2021 WL 5450369, at *2 (S.D.N.Y. Nov. 19, 2021) (citation omitted). Indeed, FINRA's rules require a court to enter an order confirming an arbitration award that contains an expungement directive. *See* FINRA Rule 2080(a).

In addition to the statutory grounds set forth in the Federal Arbitration Act, the Second Circuit has held that a district court may vacate an arbitration award that was "rendered in manifest disregard of the law." *Weiss v. Sallie Mae, Inc.*, 939 F.3d 105, 109 (2d Cir. 2019). "A litigant seeking to vacate an arbitration award based on alleged manifest disregard of the law bears a heavy burden, as awards are vacated on grounds of manifest disregard only in those exceedingly rare instances where some egregious impropriety on the part of the arbitrator is apparent." *Id.* (quoting *T.Co Metals, LLC v. Dempsey Pipe & Supply, Inc.*, 592 F.3d 329, 339 (2d Cir. 2010)). Under this standard, an arbitration award must stand when the arbitrators "provided even a barely colorable justification" for their conclusion. *Id.* (quoting *Schwartz v. Merrill Lynch & Co.*, 665 F.3d 444, 452 (2d Cir. 2011)). A barely colorable justification exists so long as the arbitrators had reasoning on which they "could have justifiably rested their decision." *Willemijn Houdstermaatschappij, BV v. Standard Microsystems Corp.*, 103 F.3d 9, 13–14 (2d Cir. 1997); *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006) ("[T]he award should be confirmed if a ground for the arbitrator's decision can be inferred from the facts of the case.").

### III. Application to the FINRA Award

Under FINRA's rules, expungement relief may be granted in certain situations. Those situations include, *inter alia*, where "the registered person was not involved in the alleged investment-related sales practice violation," or where "the claim, allegation or information is false." FINRA Rule 2080(b)(1). If a FINRA arbitration panel decides to order an expungement, the panel must "[i]ndicate in the arbitration award which of the Rule 2080 grounds for expungement serve(s) as the basis for its expungement order and provide a brief written

4

explanation of the reason(s) for its finding that one or more Rule 2080 grounds for expungement applies to the facts of the case." FINRA Rule 13805(c).

The FINRA panel provided no explanation for its denial of Gross's petition. Despite FINRA Rule 13805(c), it seems it is "standard" for expungement awards, or the denial thereof, to be "bereft of findings of fact or conclusions of law." *Thrivent Fin. for Lutherans v. Bibow*, No. 16 Civ. 5137, 2017 WL 1162206, at *2–3 (S.D.N.Y. Mar. 28, 2017).[2] After all, arbitrators are not expected to "write opinions in every case or even in most cases." *Halligan v. Piper Jaffray, Inc.*, 148 F.3d 197, 204 (2d Cir. 1998). But "the absence of explanation may reinforce the reviewing court's confidence that the arbitrators engaged in manifest disregard" of the law, especially when the FINRA panel appeared to reach a conclusion—that Gross's Form U-5 was accurate and should not have been expunged—that neither side had advocated for. *Id.*; *see also McQueen-Starling v. Unitedhealth Grp., Inc.*, No. 08 Civ. 4885 (JGK), 2010 WL 768941, at *6 (S.D.N.Y. Mar. 8, 2010) (vacating award under the manifest disregard standard where arbitration panel provided "no explanation why the seemingly uncontradicted evidence did not demonstrate" the petitioner was entitled to relief).

Nor can this Court discern, from the record, any basis on which the FINRA panel could have rested its decision. The evidence at the arbitration hearing was undisputed that Gross had not violated HSBC rules or practices. Having reviewed the arbitration submissions, the hearing transcript, and the award, the Court cannot "discern what possible findings the arbitrators *could* have made that would justify their disposition of the case." *Westerbeke Corp. v.*

---

[2] Although the court upheld the unexplained award in *Thrivent*, it had a lengthy (and importantly, contested) evidentiary record from which to glean the FINRA panel's possible rationale. *See Thrivent*, 2017 WL 1162206 at *1. Moreover, the FINRA panel in that case provided additional context for its decision by recommending that the reason for termination be changed on the Form U-5. *See id.* at *2–3.

5

*Daihatsu Motor Co.*, 304 F.3d 200, 214 n.9 (2d Cir. 2002) (emphasis in original). On remand, the arbitration panel need not necessarily reach a different conclusion, but it must provide some explanation for its award so that this Court can ensure there has been no manifest disregard of the law.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Gross's petition to vacate the FINRA arbitration award and **REMANDS** the matter to the FINRA panel for further proceedings.

Dated: New York, New York  
February 8, 2022

SO ORDERED

*Paul A. Crotty*

HONORABLE PAUL A. CROTTY  
United States District Judge